## Case No. 17,492.

### WHEELER v. BATES.

[6 Biss. 88; [1] 6 Chi. Leg. News, 413.]

Circuit Court, N. D. Illinois. May, 1874.

JURISDICTION OF FEDERAL COURTS—FORCIBLE ENTRY AND DETAINER.

1. Since the Illinois statute of February 16, 1874, the U. S. circuit courts in that state have in proper cases jurisdiction of actions of forcible entry and detainer.

2. Such action is a "suit of a civil nature" within the meaning of the act of congress of 1789 [1 Stat. 73].

This was an action of forcible entry and detainer to recover possession of certain lands in McHenry and Winnebago counties in this state. All the proper jurisdictional facts were alleged and admitted, save the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

right of the court to take jurisdiction of this form of action, on which ground defendant demurred to the jurisdiction.

Geo. F. Harding, for plaintiff.

Consider H. Willett, for defendant.

DRUMMOND, Circuit Judge. I do not in this case propose to decide upon the sufficiency of the complaint, but only the question of jurisdiction. It is a right claimed under a recent statute in this state, and a question of some practical importance and it is known that under the prior statutes of forcible entry and detainer the proceedings were instituted before a justice of the peace, and the case could go from the justice of the peace to the courts of record, and so on to the supreme court of the state. On the 16th of February last the legislature passed a statute upon the subject of forcible entry and detainer, and gave jurisdiction to the courts of record of the state, on complaint in writing of the person entitled to the possession of lands and tenements being filed with any court of record or justice of the peace in the county where such premises were situated, setting out that the plaintiff was entitled to the possession of said premises, and that the defendant unlawfully withheld the same. The first section of the act declares that no person should make an entry in any lands except where it was allowed by law, and that he should not enter by force, but in a peaceable manner; and the second declares that the party entitled to the possession of the land may be restored, in a manner thereinafter provided; and it states, under six heads, the circumstances in which restoration can be made.

The only question as to the jurisdiction of the court is whether the action authorized by this new statute is a civil suit within the meaning of the judiciary act of 1789. That act declares that circuit courts of the United States shall have jurisdiction where the matter in dispute, exclusive of costs, shall exceed the sum of five hundred dollars (provided the citizenship of the parties is such as to warrant it), and another section of the same act declares that where a suit is brought in a state court, and the amount in dispute shall exceed the sum of $500, and the defendant against whom the suit is brought is a citizen of another state, he shall be entitled to remove the cause from the state court to the circuit court of the United States. It means suits of a civil nature, at law or in equity, so that the only question is whether this is a suit of a civil nature. If it is, notwithstanding it could not have been brought previously in the courts of the states, but was first authorized by this statute, if the citizenship of the parties was such as to warrant it, it could be brought in the circuit court of the United States, or, if brought in a state court, it could be transferred to the circuit court of the United

States. It is impossible for the legislature of a state, by adopting new forms of proceeding and investing the state courts with exclusive jurisdiction of causes of action, to deprive the federal courts of the jurisdiction given by the acts of congress, as this would place the jurisdiction of the federal courts within the control of the states. If, under the laws of the states, the citizens of the several states have a right to maintain a civil action, then the courts of the United States, in a proper case, also have jurisdiction.

This, then, is an action to recover the possession of land or buildings; it is a civil remedy; it can be maintained in the state courts; the plaintiff in this suit is a citizen of another state; the defendant is a citizen of this state; the amount in controversy is over 500 dollars. It is, then, within the jurisdiction of the federal courts, notwithstanding it is a new remedy which never existed before. See U. S. v. Block [Case No. 14,610], and the authorities there cited.

And for the recent act of congress defining and enlarging the jurisdiction of the federal courts, see [Act March 3, 1875; 18 Stat. 470].